[No. 4547.]

## JOHN REED AND WM. R. ROWLAND v. JESUS YBARRA ET AL.

JURIDICAL POSSESSION OF A MEXICAN GRANT.—If the officer giving juridical possession of a grant made by the Mexican nation, gave possession of land outside the boundaries of the grant, the possession thus given was unauthorized and void, and conferred no title except as to the land within the boundaries.

LIMITATION OF ACTIONS.—An action to recover land embraced within a Mexican grant may be commenced within five years next after a patent is issued by the United States, although more than five years have elapsed after the final approval of the survey by the District Court of the United States.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

On the 22d day of July, 1845, Pio Pico, governor of California, granted to Wm. Workman and John Rowland a tract of land known as the "Rancho la Puente." The claim was confirmed by the Board of Land Commissioners, and by the United States District Court, on appeal. The grant was surveyed by the Surveyor-General in 1857, and approved by him on the 3d day of June, 1859, and afterwards, and prior to the act of 1860, the survey was ordered into the United States District Court for its action, and on the 4th day of October, 1862, the court approved of the survey. On the 19th of April, 1867, a patent was issued by the United States. On the 13th day of March, 1840, Juan B. Alvarado, governor of California, granted to Jose de la Luz Linares a tract of land called "Los Nogales," describing the same by specific boundaries which were plain and unmistakable on the ground. Juridical possession was delivered to Linares on the 26th day of May, 1840, and the officer giving such possession placed Linares in possession of a tract of land outside of the boundaries, and he, and his successors in interest, remained in possession of and claiming the same until the commencement of this suit. The said land outside the boundaries of "Los Nogales" was within the limits of the "Rancho la Puente," and was confirmed and patented to Workman and Rowland. The plaintiffs had acquired the title of Workman and Rowland, and the defendants claimed under Linares. This was an action of ejectment to recover the said tract outside the boundaries of "Los Nogales," of which Linares received juridical possession, but which was confirmed and patented to Workman and Rowland. The owners of the Puente grant and of "Los Nogales" always recognized the line of juridical possession as the dividing-line between the two ranchos, until the patent issued.

The other facts are stated in the opinion.

*Glassell, Chapman & Smiths*, for the Appellants.

The lines of the juridical possession were recognized by the owners of the Puente Rancho, and acquiesced in by them as the boundary between that rancho and the Nogales, for a period of twenty-two years. Such a practical location of the boundary by parties interested, even if different from the true one, is conclusively presumed to be correct. (*Sneed v. Osborne*, 25 Cal. 626–30, and authorities cited; *Hastings v. Stark*, 36 Cal. 122; 1 Abbott's N. Y. Dig. 488–491.)

This principle does not depend upon the Statute of Limitations. (*Hunt v. Johnson*, 19 N. Y. 279 297; *McCormick v. Brown*, 16 N. Y. 359.)

Such a location is deemed conclusive, on the ground that it is evidence of the correct location of so high a nature as to admit of no contradiction. (*Reed v. Farr*, 35 N. Y. 116–17; *Baldwin v. Brown*, 16 N. Y. 359.)

The subsequent issue of the patent can make no difference. By the practical location of the boundary, it was established that the land in controversy was part of the Nogales Rancho—a perfect grant—and consequently that the defendants are "third persons," whose rights cannot be affected by the patent.

*Thom & Ross*, for the Respondents.

The approval of the survey, under the act of Congress of June 14, 1860, was binding on the defendants. (*Yates v. Smith*, 38 Cal. 60.)

The defendants are not third persons mentioned in the fifteenth section of the act of Congress passed in 1851, establishing the land commission. (*Miller v. Dale*, 44 Cal. 576.)

The officer had no authority to deliver juridical possession beyond the boundaries of the grant. (*Ferris v. Coover*, 10 Cal. 589; *Hornsby v. U. S.*, 10 Wall. 238.)

By the COURT:

1. Conceding that the grant to Linares was a perfect grant, the lands in controversy are not within its limits.

2. That these lands are within the lines of the juridical possession delivered to Linares is of no import. Being without the exterior lines of the "Los Nogales Rancho," the act of the officer delivering juridical possession was unauthorized and void.

3. The action was commenced within five years next after the issuance of the patent, and the Statute of Limitations, therefore, affords no defense even if we assume that when the action was commenced more than five years had elapsed after the official survey had become final by reason of its approval by the District Court of the United States in 1862.

It is proper to observe, however, that we have been unable to ascertain from the record at what time the action was in fact commenced. The *amended complaint* was filed in December, 1868. As to when the original complaint was filed, the record is silent.

Judgment and order affirmed.