[No. 9,594.   Department Two.—January 10, 1885.]

RIVERSIDE LAND AND IRRIGATION CO., Appellant, *v.* CORNELIUS JANSEN et al., Respondents.

Quieting Title—Easement—Ditch over Another's Land—Evidence.—In an action to quiet title, where the only interest claimed by the defendants in their answer is an easement to use a ditch for conveying water across the plaintiff's land to their own land, for the purpose of irrigation and domestic use, the plaintiff may show that the defendants were conveying in the ditch more water than was necessary for such purpose, and the exclusion of evidence showing the amount of water required for irrigation on the defendants' land, and the carrying capacity of such ditch, is error.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Byron Waters,* and *J. A. Gibson,* for Appellant.

*C. W. C. Rowell,* and *A. M. Willis,* for Respondents.

Myrick, J.—Action to quiet title.   The interest claimed by the defendants, by their answer, in the premises regarding which the plaintiff seeks to have its title quieted, is as follows:  Defendants own, in severalty, parcels of land by conveyances (through others) from Robidoux (who was the common grantor of plaintiff and defendants), and defendants aver that Robidoux, while owner, dug a ditch, by means of which water was conducted across the lands now owned by defendants, for the purpose of irrigating the said lands now owned by defendants, and other lands of Robidoux, and that, when defendants' grantors purchased from Robidoux, the ditch, and the right to conduct waters from the Santa Ana river over and through the lands of

Robidoux by means of the ditch, was an appurtenance and ease-
ment pertaining to the lands now owned by defendants, consti-
tuting their chief value. The defendants also aver continuous,
adverse, and exclusive use of the ditch, by themselves and their
grantors, for the purpose of conducting water therein to their
respective farms, for irrigation and domestic use, for more than
twenty-seven years. The court found, that at the time of the
conveyance from Robidoux to defendants' grantors, water was
not being conveyed in the ditch, and that the ditch was not
then in existence; and neither the ditch nor the right to conduct
water from the Santa Ana across the lands of Robidoux was an
appurtenance or easement pertaining to the lands of defendants;
but the court found that Bickmore, grantee of Robidoux, in
1868, after his conveyance from Robidoux, constructed the ditch
under a claim of right, with the knowledge of Robidoux, and
that he and his grantees (the defendants) have ever since owned
and occupied the same openly, notoriously, exclusively, and ad-
versely.

1. The court sustained an objection to a question put by
plaintiff to a witness, as to the amount of water required for ir-
rigation on the defendants' land. This ruling was error. The
only right asserted by defendants in their answer was the right
to use a ditch for conveying water across plaintiff's land to their
own land, for the purpose of irrigation, and for domestic use
thereon. The plaintiff had the right to show, if he could, that
defendants were conveying in the ditch more than was necessary
for those purposes. It was also error to refuse to permit plain-
tiff to prove the carrying capacity of the ditch in 1872. The
findings and decree should have specified, either by width of the
ditch or by its carrying capacity, the quantity of plaintiff's land
over and upon which the easement existed. In no view, under
the pleadings in this case, could the defendants have had more
water flow in the ditch than was necessary for domestic use and
for irrigation on their own lands.

2. The parties to this action have title to their respective
lands under a Mexican grant. The patent was issued Decem-
ber, 1876. This action was commenced within five years there-
after. It has been held by the Supreme Court of the United
States (*Henshaw* v. *Bissell*, 18 Wall. 255), and by this court

(*Reed* v. *Ybarra*, 50 Cal. 465) that as to actions of ejectment the statute of limitations does not commence to run until the issuance of the patent.

From the view we take of the case, it is not necessary to determine whether the principle applies here. The court found that when Robidoux conveyed to defendants' grantors the ditch was not in existence, and the right to conduct water over plaintiff's land was not an appurtenance or easement pertaining to the land now owned by defendants. There is no direct evidence of a grant of right of way since that time by plaintiff or its predecessors in interest; but there is some evidence, which might have been considered by the court, in the direction of determining whether or not the acts and omissions of the plaintiff and its predecessors in interest, taken in connection with the acts of the defendants and their predecessors in interest, would create a presumption of a grant. Upon this subject the findings are silent. The decision of the court below seems to have been based on the theory of the statute of limitations. Without determining whether there is foundation for that theory, sufficient appears to us to order a new trial, in order that the rights of the parties may be fully investigated, and a proper conclusion reached. Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.